IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-40979 |
| | ) | |
| EDWARD LAWRENCE TAMMEN and | ) | |
| MARTHA BETH TAMMEN, | ) | CH. 7 |
| | ) | |
| Debtors. | ) | |

## **ORDER**

      Hearing was held in Lincoln, Nebraska, on January 3, 2007, on the Objection by the Chapter 7 Trustee to Debtors' Claimed Exemption (Fil. #17), and Debtors' Resistance to the Trustee's Objection (Fil. #19). Lea Wroblewski appeared for Debtors, and Joseph H. Badami appeared as the Chapter 7 Trustee. At the hearing, the Chapter 7 Trustee was given until January 17, 2007, to submit a letter brief on the issues, and Debtors were given until January 31, 2007, to respond.

      On or about July 17, 2006, Debtors purchased a 1997 Cadillac DeVille ("Vehicle") from Riley's Auto Sales in Grand Island, Nebraska ("Riley's"), and granted the seller a security interest in the amount of $3,400.00. Three weeks later, on August 8, 2006, Debtors filed this Chapter 7 proceeding. Riley's did not perfect its lien by noting its lien on the certificate of title until August 21, 2006.

      In their schedules, Debtors valued the Vehicle at $5,000.00 and noted that it was subject to a lien in the amount of $3,400.00. On Schedule C, Debtors claimed as exempt the equity of $1,600.00 in the Vehicle.

      After discovering that the lien of Riley's was not perfected until after the bankruptcy filing (and after the time period for perfecting a purchase money lien), the Chapter 7 Trustee determined that the lien would likely be avoidable by him and, on October 27, 2006, filed a notice of intent to claim the Vehicle as an asset of the bankruptcy estate (Fil. #11). On November 9, 2006, Debtors filed amended schedules, including an amended Schedule C, and asserted exemptions in the Vehicle totaling $4,950.00. Debtors assert $4,800.00 under Neb. Rev. Stat. § 25-1556(4) (with each Debtor claiming the full $2,400.00 exemption) and an additional $150.00 under Neb. Rev. Stat. § 25-1552. The Chapter 7 Trustee has objected to the amended claim of exemptions on several grounds. In particular he has taken the position that even though the Chapter 7 Trustee intends to avoid the lien of Riley's, the lien is preserved for the benefit of the estate. That is, the Chapter 7 Trustee's avoidance action is for the benefit of the estate, not the benefit of Debtors by allowing them to increase their exemptions in the Vehicle over and above the equity after subtracting the security interest. The Chapter 7 Trustee also argues that, in any event, both Debtors cannot claim the exemption of $2,400.00 under Neb. Rev. Stat. § 25-1556 since Debtor Edward Tammen was the only owner of the Vehicle.

As ordered at the January 3, 2007, hearing, the Chapter 7 Trustee timely filed his brief. Debtors' brief was due January 31, 2007, but no such brief was filed.

The Trustee has not yet taken steps to avoid the Riley's lien, but Debtors have assumed the lien is avoidable (or perhaps even void) in filing their amended claim of exemptions. Since the Chapter 7 Trustee has claimed the Vehicle as an asset of the estate, the Chapter 7 Trustee asserts that Debtors cannot now take advantage of the Chapter 7 Trustee avoiding the lien by asserting additional exemptions. The Chapter 7 Trustee is correct. According to the decision of the Eighth Circuit Bankruptcy Appellate Panel in the case of *Kaler v. Overboe (In re Arzt)*, 252 B.R. 138, 140 (B.A.P. 8th Cir. 2000), Debtors are only entitled to exempt property "to the extent there is value in the property over and above consensual liens against the property." *Arzt* further stands for the proposition that the "[Bankruptcy] Code not only vests a bankruptcy trustee with the power to avoid a preferential transfer, it also provides that once the transfer is avoided, the property that was transferred becomes property of the estate[.]" *Id.* at 141. Finally, the *Arzt* court noted that Debtors cannot utilize the exemption statutes to take advantage of the Chapter 7 Trustee's recovery efforts. *Id.* (quoting *Kaler v. Letcher (In re Wegner),* 210 B.R. 799, 802 (Bankr. D.N.D. 1997)).

The $3,400.00 lien of Riley's, if avoided by the Chapter 7 Trustee, will be preserved for the benefit of the estate, not for the benefit of Debtors. Therefore, Debtors' attempt to claim an exemption in the Vehicle above their $1,600.00 "equity" in the Vehicle is improper. Since the exemption is limited to $1,600.00, the question of whether both Debtors can claim an exemption in the Vehicle is moot.

IT IS ORDERED: That the Chapter 7 Trustee's objection to exemption is granted. Debtors' claim of exemption in the 1997 Cadillac DeVille is limited to the sum of $1,600.00 as set forth in Debtors' original Schedule C.

DATED: February 8, 2007.

BY THE COURT:

/s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
Joseph H. Badami
*Lea Wroblewski
U.S. Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.